598 A.2d 467

**ED ROGERS, INC.**

v.

**MAYOR AND CITY COUNCIL OF BALTIMORE.**

No. 38, Sept. Term, 1990.

Court of Appeals of Maryland.

Nov. 22, 1991.

Yvette N. Diamond, Stanley Alpert, Cohen, Alpert and Forman, all on brief, Baltimore, for appellant.

Leo W. Ottey, Jr., Asst. Sol. and Sp. Asst. State's Atty., Stuart O. Simms, State's Atty., Neal M. Janey, City Sol., and William R. Phelan, Jr., Sr. Sol., all on brief, Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE and CHASANOW, JJ.

McAULIFFE, Judge.

This appeal involves a dispute over who is entitled to the net proceeds of the sale of a motor vehicle that was seized for forfeiture by the Baltimore City Police Department and then sold by an automobile dealer holding a security interest in the vehicle. The Circuit Court for Baltimore City held that the Mayor and City Council of Baltimore (the City) had the better of the argument, and we agree.

On 13 February 1989, officers of the Baltimore City Police Department seized a 1984 Buick automobile which was being used in the unlawful distribution of controlled

dangerous substances.  On 7 March the Police Commissioner determined that the vehicle should be forfeited.  On 24 March, before the initiation of forfeiture proceedings, Ed Rogers, Inc. (Rogers) notified the City that it held a recorded lien in the amount of $4,744.46 against the automobile, that the owner had defaulted on the payments, and that Rogers was exercising its right to obtain possession of the property and sell it.  That demand was in accordance with a statute governing the rights of innocent lienholders with respect to property seized for forfeiture, Maryland Code (1957, 1987 Repl.Vol., 1991 Cum.Supp.) Art. 27, § 297(r), which provides in pertinent part:

(1) This section may not be construed to prohibit a lienholder from exercising its rights under applicable law, including the right to sell property that has been seized under this section, in the event of a default in the obligation giving rise to the lien.

(2)(i) A lienholder exercising the right to sell property that has been seized under this section shall notify the forfeiting authority in writing of the lienholder's intention to sell the property.

(ii) The notice shall be accompanied by copies of documents giving rise to the lien and shall include an affidavit under oath by the lienholder that the underlying obligation is in default and the reasons for the default.

(iii) Upon request of the lienholder, the property shall be released to the lienholder.

On 4 April the vehicle was delivered to Rogers, and on 6 May Rogers sold it by a private sale for a gross price of $6,995.  By letter of 25 May, Rogers notified the City of the sale and provided an itemized list of expenses of sale totalling $703.27.  Rogers refused, however, to turn over to the City the net proceeds of $1,547.27.

The City went to court.  On 13 September it filed, as an original pleading, a "Motion to Extend Time Filing Requirements."  In its motion, the City detailed the history of the seizure, release, and sale of the vehicle.  It claimed entitlement to the net proceeds and expressed its intent to go

forward with a forfeiture action against the proceeds. Rogers answered, denying that the City was entitled to any of the proceeds of sale and requesting that the extension be denied. On 29 September the court signed an order granting the City's motion and purporting to extend the time for filing a complaint to 17 October. On 16 October the City filed a complaint seeking the forfeiture of the net proceeds of sale, naming Rogers and the original owner (the owner) of the automobile as defendants. Rogers answered, denying liability and interposing a plea of limitations. The owner of the vehicle did not appear or answer.

The matter came on for trial before Judge Ellen Hollander on 8 December 1989. A default judgment was entered against the owner. Rogers and the City announced a stipulation of facts and argued their respective positions.

Rogers advanced two arguments. First, it contended that it had not conducted a resale of repossessed goods pursuant to § 12–626 of the Commercial Law Article, Md. Code (1957, 1990 Repl.Vol.), but instead had retained the vehicle pursuant to § 12–627 of the Commercial Law Article and had later made a private sale unconnected with the repossession. Second, it argued that the City had no right to maintain a forfeiture action because it had failed to comply with the requirement of Art. 27, § 297(h)(2)(ii) that "[a] complaint for the forfeiture of a motor vehicle shall be filed within 45 days after the seizure of the motor vehicle," and because the court had no authority to extend the time for filing mandated by the statute, at least when the request for an extension was not made within the initial time permitted for filing.

The City contended that the sale had been made pursuant to § 12–626 of the Commercial Law Article and that distribution of the proceeds was governed by § 12–626(e). That subsection requires application of the proceeds of sale first to the actual and reasonable cost of the sale and to the cost of retaking and storing the goods, then to the unpaid balance due the security holder, and thereafter

any remaining balance shall be paid to the buyer, unless the sale occurred because of the seizure of the goods by a police department, bureau, or force, in which event the remaining balance shall be paid to the police department, bureau, or force that seized the goods, to be disposed of in accordance with the provisions of § 297 of Article 27 of the Code or any other law that applies to the seizure and forfeiture of the goods.

With respect to Rogers' argument that the City had missed the filing deadline, the City contended that the timeliness of the filing had nothing to do with Rogers' obligation to turn over the net proceeds of the sale, and if the delay could be interposed as a defense at all, the defense could only be raised by the owner of the vehicle.

■ Judge Hollander found for the City and entered judgment in its favor against Rogers for $1,547.27. Rogers appealed, raising only the issue of the timeliness of the City's filing of the complaint. We issued a writ of certiorari on our own motion prior to consideration of the case by the Court of Special Appeals.

We hold that the City's action against Rogers is not barred by limitations or by any condition of filing imposed by the forfeiture statute. Article 27, § 297(h)(2)(ii), upon which Rogers relies, requires that "[a] complaint for the forfeiture of a motor vehicle shall be filed within 45 days after the seizure of the motor vehicle." The action against Rogers was not, however, for the forfeiture of a motor vehicle. The action was to require Rogers to turn over to the City the net proceeds of the sale of a motor vehicle that had previously been seized.

The complaint filed by the City joined two actions. The first, as we have pointed out, was against Rogers to require it to deliver the net proceeds to the City. That action was supported by two statutory provisions. Section 12–626(e) of the Commercial Law Article, quoted above, required the lienholder to pay the net proceeds of sale to the Baltimore City Police Department. Article 27, § 297(r), which permits

an innocent lienholder to sell a seized vehicle, mandates the same result. Subsection (4) of that section provides in pertinent part:

(ii) The proceeds of the sale shall be applied first to the costs of the forfeiture proceeding, then as provided by law for distribution of proceeds of a sale by the lienholder.

(iii) Any portion of the proceeds that would be paid to an owner of the property under the applicable law relating to distribution of proceeds shall be paid to the seizing agency and shall be property subject to forfeiture. If no order of forfeiture is entered, the State shall remit to the owner that portion of the proceeds and any costs of the forfeiture proceedings paid from the proceeds of the sale.

The City could have filed a complaint against Rogers for the proceeds of the sale without including a claim for the forfeiture of those proceeds. Had it done so, it would have been obvious to Rogers that the only period of limitations applicable to the claim being made against it was the three-year period generally applicable to civil actions. Maryland Code (1974, 1989 Repl.Vol.) § 5–101 of the Courts and Judicial Proceedings Article. The City elected instead to join in a single complaint its action against Rogers and an action for the forfeiture of the proceeds. That joinder was permitted under Maryland Rule 2–212(a), which provides in pertinent part that:

All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief and against one or more defendants according to their respective liabilities.

The joinder did not preclude Rogers from raising every defense applicable to the claim being made against it. That joinder did not permit it, however, to raise a defense applicable only to the action brought by the City for the forfeiture of the proceeds. Once the court decided that Rogers was required to turn over to the City the net proceeds of the sale, Rogers was out of the picture.[1] The second claim, for the forfeiture of those funds, was then ripe for consideration. The owner of the vehicle certainly had standing at that point to raise any defense he may have had to the requested forfeiture of the proceeds, including a defense of untimely filing. He did not do so.

Even if Rogers could have interposed a defense of untimely filing on behalf of the owner of the motor vehicle, it would not have been successful. The statute dealing with seizures and forfeitures contemplates that when a motor vehicle is seized, a subsequent forfeiture action may be brought against the vehicle, or, if the vehicle is sold by a lienholder prior to forfeiture, a forfeiture action may be brought against the net proceeds of the sale. See Article 27, § 297(b), listing the various types of property subject to forfeiture, and listing motor vehicles, § 297(b)(4), separately from "the remaining balance of the proceeds of a sale by a holder of an installment sale agreement under § 12–626 of the Commercial Law Article of goods seized by a police department, bureau, or force, under this subtitle ...," § 297(b)(8).

When, as here, an innocent lienholder exercises its statutory right to sell a seized motor vehicle, and the sale is made to someone other than the owner of the vehicle, the subsequent seizure action is against the net proceeds of the

---

**1.** A party to a proceeding may be permitted by statute or rule to interpose a defense on behalf of another. *See, e.g.,* Maryland Rule 2–645(e), permitting a garnishee to "assert ... any defense that the judgment debtor could assert." There is no statute or rule granting one in the position of Rogers the right to assert a defense that might have been interposed by the owner of the seized property.

sale and not against the vehicle.[2]  Thus, the 45–day limitation applicable to the forfeiture of a motor vehicle does not apply in this case.

The action of the Circuit Court for Baltimore City in entering judgment against Rogers for the proceeds of the sale of the vehicle, and thereafter in entering an order of forfeiture of those proceeds, was correct.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED, WITH COSTS.

---

2.  If the interest of the owner of the property is redeemed a different procedure is followed, and the property may thereafter be seized.  In that case, however, the time limitation runs "from the date of the redemption or purchase of the property."  Article 27, § 297(r)(5).